No. 2754. — John Freeland v. W. Hyllested & Co. — Geo. H. Vinten, Third Opponent.

A lessor who has consented to a sub-lease by the lessee can not afterward hold the subtenant liable as a third person, and claim a lien and privilege on his property found on the premises to secure the rent due or to become due by the lessee.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley,* J. *C. M. Conrad & Son,* for plaintiff and appellant. *John McKee* and *Race, Foster & E. T. Merrick,* for opponent, appellee.

Ludeling, C. J. This is an action to recover rents not due, from Hyllested & Co., on the ground that said firm was in failing circumstances and insolvent. He obtained a writ of provisional seizure, whereby the property of Hyllested & Co. as well as that of the sublessees was seized.

Geo. H. Vinten intervened to claim his property. He alleged that he had punctually paid his rents and that his property was not liable to seizure for the payment of the rents due by Hyllested & Co.

There was judgment for the amount admitted to be due by the subtenant Vinten in favor of the plaintiff, who has appealed. He claims the whole amount for which the property was rented to Hyllested & Co., and claims a privilege and right of pledge upon the property of Vinten, who is treated as a third person and not a sub-tenant. The appellee has not prayed for any change in the judgment. The only question for decision is, was or was not Vinten a sub-tenant?

The plaintiff insists that, because in the act of lease between himself and Hyllested & Co., there was a stipulation that Hyllested & Co. should not sub-let the property without the written consent of the lessor, and this written consent was never obtained, the sub-lease is a nullity and Vinten was not a sub-tenant, but a third person who

had voluntarily put his property on the premises leased. It is proved that the date of lease between the plaintiff and defendant, was not recorded, and that Vinten did not know that the stipulation above stated was in the contract of lease. It is also proved that the plaintiff knew Vinten had sub-leased the upper stories of the building, and that just before the seizure in this case the son and agent of plaintiff wrote a letter to Mr. Vinten, the purport of which is as follows:

"My father is the owner of the property, and as his agent would suggest to you the propriety of holding your rent subject to my order. Mr. Hyllested has been protested.

"Very respectfully, etc.,

"JOHN D. FREELAND, Agent."

It is singular that after this the plaintiff should pretend that Vinten is not a sub-tenant. His contract of lease from Hyllested & Co. is proved; and whether Hyllested & Co. violated their contract with the proprietor of the property is immaterial in the inquiry as to the status of Vinten. The law permits the lessor to sub-let to another. This contract depends entirely upon the consent of the parties to it. It can not effect, however, the rights or obligations of the original lessor and lessee. The two contracts are totally independent of each other. If the lessee has violated his obligation, that can not of itself change the fact that Vinten occupied a part of the premises as a sub-tenant, under a contract with the lessee.

It is therefore ordered that the judgment be affirmed, with costs of appeal.